**ATLANTIC RESEARCH MARKETING SYSTEMS, INC., a/k/a A.R.M.S., and Richard E. Swan, Plaintiffs,**

v.

**G.G. & G., L.L.C., a/k/a Guns, Gear & Gadgets, L.L.C. or G', L.L.C., Thomas Patterson, and Thomas Newhall, Defendants.**

**Civ.A. No. 00–10672–REK.**

United States District Court, D. Massachusetts.

Jan. 7, 2002.

Douglass A. Hale, Wynn & Wynn, Raynham, MA, John P. McGonagle, Law Offices of John P. McGonagle, Rockland, MA, for Atlantic Research Marketing Systems, Inc. aka A.R.M.S., and Richard E. Swan, Plaintiffs.

Howard R. Wine, Law Office of Howard R. Wine, Tucson, AZ, Lucy D. Lovrien, Boston, MA, for G.G. & G., L.L.C. aka Guns, Gear & Gadgets, L.L.C. aka G', L.L.C., Thomas Patterson and Thomas Newhall, Defendants.

### Memorandum and Order

KEETON, District Judge.

## I. Introduction

Pending before this court are the following:

(1) Plaintiffs' Motion for Clarification of the Court's Opinion of October 19, 2001 (Docket No. 35, filed November 7, 2001);

(2) Plaintiffs' Motion for Enforcement of Judge Young's Final Judgment in Civil Action No. 96–11425WGY (Docket No. 36, filed November 7, 2001), with accompanying Memorandum in Support (Docket No. 37, filed November 7, 2001); and

(3) Defendants' Response to Plaintiffs' Motion for Enforcement of Judge Young's Final Judgement in Civil Action No. 96–11425WGY (Docket No. 41, filed November 28, 2001).

For the reasons explained below, Plaintiffs' Motion for Clarification of the Court's Opinion of October 19, 2001 is DISMISSED, and Plaintiffs' Motion for Enforcement of Judge Young's Final Judgment in Civil Action No. 96–11425WGY is DISMISSED without prejudice to an appropriately-supported motion for an order in aid of enforcement.

## II. Background

On December 17, 1997 Judge (now Chief Judge) Young of this court ordered judgment on a settlement agreement between the same parties appearing in this action. As part of the settlement, Defendants G.G. & G., L.L.C., Thomas Patterson, Thomas Newhall, and Mark Newhall submitted to a permanent injunction from:

i. making, using, selling, dealing, or offering for sale any product which infringes United States Letters Patent Nos. 5,142,806; 5,276,988; and 4,845,871;

ii. purchasing, making, using, selling, dealing or offering for sale any product which in any way uses or displays, directly or indirectly, the A.R.M.S. or Swan trademarks or trade names, including "A.R.M.S." and those covered by U.S. Trademark Registration Nos. 1,849,858 and 1,835,382;

iii. making, using selling, dealing or offering for sale any of the following products: IRS, M–14 mount, and M–16 carry handle mounts now made by or for G.G. & G., L.L.C., the G–3 mount, and the FN/FAL mount; . . .

vi. In any proceeding for violation of the injunctive relief set forth herein . . . nothing in this injunction shall be construed as a waiver by Defendants and Mark Newhall of their defense against such action on the grounds that they have not in fact violated the injunction either because they did not in fact make or deal in the violating products or that such products as they did make or deal in did not violate the Plaintiff's rights or to the extent that actual damages in excess of the liquidated damages amount are claimed that such damages did not occur or were not causally related . . .

Stipulation and Motion for Entry of Judgment, Case No. 96–11425WGY (Docket No. 92, signed December 17, 1997) at ¶¶ 4(b)(i)—4(b)(vi).

Plaintiffs filed their complaint in this new Civil Action in April 2000. After protracted preliminary proceedings regarding this court's jurisdiction over the matter, this court issued an Opinion on October 19, 2001. *Atlantic Research Mktg. Sys. v. G.G. & G., L.L.C.*, 167 F.Supp.2d 458 (D.Mass.2001); Docket No. 34. In part IV of that Opinion, the court made and explained its rulings concerning the court's jurisdiction:

### IV. Present Rulings and Reasons for Making Them

#### A. Provisions for Liquidated Damages and for Penalty

One possible interpretation of the total combination of provisions appearing in two separate documents—the judgment and the settlement agreement—is that:

(1) levy of execution on any award of damages *for breach of the contract* between the parties for settlement of Civil Action NO. 96–11425WGY would be limited to the greater of $75,000 and the amount of damages in fact proved (up to the amount of $500,000 stated in the judgment), but

(2) added penalties or other sanctions might be imposed by the court either (i) for violation of the injunction, or (ii) for violation of the settlement agreement.

I conclude, and now rule, that this interpretation of the total combination of relevant manifestations in these documents is at least the most appropriate interpretation. It may even be the only interpretation that a court can determine to be permissible after taking into account all of the stated terms of both documents and the circumstances associated with the execution by the parties of the settlement agreement and the ordering by the court that the judgment be en-

tered on the docket by the Clerk as the final judgment closing Civil Action NO. 96–11425WGY. No other interpretation, in my view, respects fully the considered manifestations of the parties in the language they chose for expressing their agreement to settle and also respects fully the considered rulings of Judge Young.

### B. Jurisdictional Amount

Defendants assert that the "putative liquidated damages clause's provision for recovery of exactly $75,000 does not satisfy the jurisdictional minimum," now $75,000. Docket No. 18 at 1, ¶ 1a (citing *Anthony v. Security Pacific Financial Services Inc.,* 75 F.3d 311, 315 n. 1 (7th Cir.1996)) (amount in controversy must exceed, not just equal, statutorily specified sum). Defendants then proceed in the next paragraph to assert that the "putative liquidated damages clause is an unenforceable penalty as a matter of law, and so can not supply a factual basis for an amount in controversy allegation." Docket No. 18 at 1, ¶ 1b (citing *PacifiCorp Capital, Inc. v. Tano, Inc.,* 877 F.Supp. 180, 183–84 (S.D.N.Y.1995)).

.        .        .        .        .

Plaintiffs' Motion to Assert Subject Matter Jurisdiction (Docket No. 31), with its accompanying affidavit and exhibits fulfills the plaintiff's burden of alleging particular facts indicating that it is not a legal certainty that the plaintiffs' claim involves less than the jurisdictional amount. I therefore conclude that this court may properly exercise jurisdiction pursuant to 28 U.S.C. § 1332.

I find that plaintiffs' amended complaint makes allegations sufficient to satisfy applicable statutory requirements with respect to jurisdictional amount.

.        .        .        .        .

### D. Orders in Aid of Enforcement

The Judgment of December 17, 1997, does not declare that plaintiffs are in any circumstances entitled to have the court vacate the Judgment. Instead, jurisdiction is retained "to enter such further Orders as may be necessary for the carrying out of this Judgment," or enforcing compliance with its terms, or punishing violation of its terms.

Nor does the settlement agreement attached to the Judgment provide for a right to have the agreement rescinded. I conclude also that no right exists, under Federal Rules of Civil Procedure, Rule 60, to vacate or modify the Judgment on grounds contrary to the Settlement Agreement and the Judgment based upon it. *See* FED. R. CIV. P. 60; *Fortin v. Comm'r of the Massachusetts Dep't of Pub. Welfare,* 692 F.2d 790, 799 n. 11 (1st Cir.1982).

It is well established by tradition and practice in the American legal system that a court may make orders in aid of enforcement of its Judgment.

An order in aid of enforcement of a judgment may be included within the terms of the judgment itself. As explained in § 21.1.3, above, this kind of provision is one among the many things a judgment may say.

An order in aid of enforcement of a judgment may, instead, be made as a separate order at the same time as a final judgment is ordered or at a later time. One of the practical reasons for making such an order separately rather than including it as a provision within the final judgment is that things that are said about enforcement tend to be transitory in nature and likely to give rise to a dispute about whether the judgment should be vacated or modified in view of changed circumstances such as partial satisfaction of a money award included

in the final judgment. A motion asking the trial court to vacate or modify a separately entered Order in Aid of Enforcement of Judgment is less likely to generate that kind of dispute. KEETON, *JUDGING IN THE AMERICAN LEGAL SYSTEM,* § 21.1.5 (1999).

One form of order in aid of enforcement of a judgment that was included within the Judgment of December 17, 1997, is an injunction. This form of order is, however, subject to a principle of judicial restraint that "injunctive relief should be no more burdensome to the defendant [the enjoined party] than necessary to provide complete relief to the plaintiffs [the parties complaining of violations of their right]." *Califano v. Yamasaki,* 442 U.S. 682, 702, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). *See also* KEETON, *JUDGING IN THE AMERICAN LEGAL SYSTEM,* § 14.8.2(a) n. 237 (citing *EEOC v. Astra USA, Inc.,* 94 F.3d 738, 744–46 (1st Cir. 1996)) (cross-references to Jurisdictional and Related Limitations on Scope of Judicial Authority (Abstention)).

For these reasons I conclude that I also have jurisdiction over this matter, at least with respect to consideration of an order in aid of enforcement of Judge Young's judgment.

*Atlantic Research Mktg. Sys.,* 167 F.Supp.2d at 473–76. The court next summarized its rulings, and then issued the following Order:

For the foregoing reasons, it is ORDERED:

(1) Defendants' Motion to Dismiss Counts Four through Six of the Amended Complaint (Docket No. 25, filed April 25, 2001) is DENIED, because the court will allow a properly supported motion of any party that the court make an order for relief in aid of enforcement of Judge Young's final judgment in Civil Action No. 96–11425WGY, along with a request that the court hold an evidentiary hearing before acting on the motion;

(2) Plaintiffs' Motion to Assert Subject Matter Jurisdiction (Docket No. 31, filed May 25, 2001) is ALLOWED, with the explanation that it is allowed only to the extent that this court will consider whether it is appropriate to enter any form of relief in aid of enforcement of Judge Young's final judgment in Civil Action No. 96–11425WGY; and

(3) A Case Management Conference is set for 2:00 p.m. on Wednesday, December 5, 2001, for the purposes of holding an evidentiary hearing if, no later than four weeks before that date, a motion consistent with Paragraph (1) of this order has been filed.

*Id.* at 476–77.

On November 7, 2001, Plaintiffs filed a Motion for Enforcement of Judge Young's Final Judgment in Civil Action No. 96–11425WGY, along with a supporting memorandum. Docket Nos. 36 & 37. At the same time, Plaintiffs filed a Motion for Clarification of the October 19 Order. Docket No. 35. On December 5, 2001, the court held a Case Management Conference and Evidentiary Hearing on Plaintiffs' Motion for an Order in Aid of Enforcement.

## III. Consideration of an Order in Aid of Enforcement

Plaintiffs' Motion for an Order in Aid of Enforcement is in essence a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate only when no genuine disputes exist as to material facts and the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56. The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record showing the absence of a genuine dispute of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant satisfies this burden, the nonmovant must "demonstrate, through specific facts, that a trialworthy issue remains." *Cadle Co. v. Hayes,* 116 F.3d 957, 960 (1st Cir.1997).

█ Issues of fact are in "genuine" dispute if they may reasonably be resolved in favor of either party. *Id.* Facts are material if they possess "the capacity to sway the outcome of the litigation under the applicable law." *National Amusements, Inc. v. Dedham,* 43 F.3d 731, 735 (1st Cir.1995). The facts in dispute must be significantly probative in order for the court to deny summary judgment; "conclusory allegations, improbable inferences, and unsupported speculation" are not sufficient to defeat a properly supported motion for summary judgment. *See Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

## A. Interpretation of Judge Young's Judgment

The parties disagree about the proper interpretation of Judge Young's Final Judgment. Plaintiffs contend that the judgment enjoined defendants from "making, using, selling, dealing or offering for sale ... **any** M–14 mount." Docket No. 37 at 3 (emphasis supplied); Transcript of December 5, 2001 Hearing (Docket No. 43) at 41–42. Defendants argue that the judgment only prohibited them from making, selling, dealing or offering for sale those mounts made by defendants at the time of the judgment. Docket No. 41 at 7; Docket No. 43 at 42–43.

The plain language of the Final Judgment, quoted above, is clear. Paragraph (i) acts to enjoin defendants only from making, selling, dealing or offering for sale products that infringe on the named patents. Paragraph (ii) enjoins defendants from purchasing, making, using, selling, dealing or offering for sale only products that use or display, directly or indirectly, the A.R.M.S. or Swan trademarks or trade names. Paragraph (iii) enjoins defendants from making, using, selling, dealing or offering for sale any of the following products: IRS, M–14 mount, and M–16 carry handle mounts **then** made by or for defendants, the G–3 mount, and the FN/FAL mount.

Nothing in these paragraphs supports plaintiffs' contention that the manufacture and sale of any M–14 mount by defendants violates the injunction. Therefore, this court can properly issue an order in aid of enforcement of Judge Young's Final Judgment only if this court finds that the defendants' current products infringe on plaintiff's trademarks or patents or are the same products referred to in Judge Young's judgment.

## B. Disputes Exist as to Material Facts

█ At the December 5, 2001 Case Management Conference, the court received evidence with respect to plaintiff's motion for an order in aid of enforcement. The court heard the testimony of Richard Swan, John Miller, and Thomas Newhall, and received four exhibits into evidence.

Plaintiffs' Exhibit 1 is labeled A.R.M.S. Item # 18, M21/14 Mount Foundation, NSN 1240–01–316–0055. Mr. Swan testified that its purpose is "to provide an attachment point on the weapon so that they can mount a scope ring or rail, which will hold the optical devices and lasers that they so chose to put onto the weapon for aiming and targeting and shooting." Transcript of December 5, 2001 Hearing (Docket No. 43) at 7.

Plaintiffs' Exhibit 7 was identified by Mr. Miller as a G.G. & G. M–14 Mount. *Id.* at 17. Plaintiffs' Exhibit 8 bears the

same label as Plaintiff's Exhibit 1. Exhibit 8 differs from Exhibit 1 in that "various and sundry elements" are attached to it. *Id.* at 38.

Defendants' Exhibit 101 is a document bearing the title "Military Standard: Dimensioning of Accessory Mounting Rail for Small Arms Weapons." It is dated February 3, 1995.

The court has considered the admissible testimony and exhibits, and has examined all the materials previously submitted in support of and in opposition to the Motion for an Order in Aid of Enforcement. Plaintiffs' Exhibits 1 and 8 differ from Plaintiffs Exhibit 7 in readily observable ways. They are plainly not the same mount. Moreover, whether they are the same mount is not the relevant inquiry. The more appropriate question, and the one that remains in dispute, is whether the product identified as Plaintiffs' Exhibit 7 was made, used, sold, dealt, or offered in violation of Judge Young's Final Judgment. More specifically, disputes exist regarding: (1) whether the product identified as Plaintiffs' Exhibit 7 is, in fact, one of the products specifically referred to in the judgment as one defendants were enjoined from making, using, selling, dealing, or offering; and (2) whether, if they are not the same products, Plaintiffs' Exhibit 7 is a product of defendants that nevertheless violates the plaintiffs' patents.

## IV. Motion for Clarification of Court's Opinion of October 19, 2001

■ Plaintiffs also seek clarification of this court's Opinion of October 19, 2001. The portions of the court's opinion that the motion seeks to clarify are excerpts from earlier Memoranda of the court in this matter.

Plaintiffs contend that two points need to be clarified. As to both points, the court assumes for present purposes that plaintiffs are correct in asserting that the court made misstatements on each of these points.

First, plaintiffs complain that the court misstates which party brought the motion to consolidate. Because the court orally denied the motion to consolidate at a hearing on September 7, 2000, and referred to it only by way of background in the court's Memorandum and Order of March 9, 2001 (Docket No. 22), any mistake regarding which party filed the motion is wholly irrelevant to a proper understanding of this case or of the court's Opinion of October 19, 2001.

Second, plaintiffs assert that the court misstates which party brought a motion to reconsider the denial of the motion for consolidation. The motion to reconsider was denied in the court's Memorandum and Order of October 20, 2000 (Docket No. 16) and was likewise referred to only by way of background in the court's Memorandum and Order of March 9, 2001.

To the extent that plaintiffs believed these asserted misstatements to be important, the time for correcting them was soon after March 9, 2001, when they first appeared. Because the asserted misstatements are not relevant to any issue currently or recently before this court, Plaintiffs' Motion for Clarification of Court's Opinion of October 19, 2001 (Docket No. 35) is DISMISSED.

## V. Discovery

On January 19, 2001, defendants filed an Assented-to Motion to Suspend and/or Extend Discovery Deadlines (Docket No. 20). In that motion, defendants requested suspension of discovery because dispositive motions were pending. The court endorsed the motion as "ALLOWED" on January 26, 2001.

For the reasons explained above, no dispositive motion is now pending. Therefore, in the Order below, the court lifts the suspension of discovery.

The previous discovery deadlines were as follows:

1/31/01 Completion of depositions for all fact witnesses

2/28/01 Plaintiff provides expert witness reports, if any

3/15/01 Defendant provides expert witness reports, if any

4/1/01 Completion of any depositions of plaintiff's experts

4/15/01 Completion of any depositions of defendant's experts

Docket No. 20. The motion to suspend was filed one year ago. In these circumstances, the new discovery deadlines will be extended approximately 13 months, to the following dates:

2/28/02 Completion of depositions for all fact witnesses

3/31/02 Plaintiff provides expert witness reports, if any

4/15/02 Defendant provides expert witness reports, if any

5/1/02 Completion of any depositions of plaintiff's experts

5/15/02 Completion of any depositions of defendant's experts.

Discovery in this case will be limited to the following two issues: (1) whether the product identified as Plaintiffs' Exhibit 7 is, in fact, one of the products specifically referred to in the judgment as one defendants were enjoined from making, using, selling, dealing, or offering; and (2) whether, if they are not the same products, the product identified as Plaintiffs' Exhibit 7 is a product of defendants that nevertheless violates the plaintiffs' patents.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Plaintiffs' Motion for Clarification of the Court's Opinion of October 19, 2001 (Docket No. 35, filed November 7, 2001) is DISMISSED;

(2) Plaintiffs' Motion for Enforcement of Judge Young's Final Judgement in Civil Action No. 96–11425WGY (Docket No. 36, filed November 7, 2001) is DISMISSED; and

(3) This court's suspension of discovery in this case (Docket No. 20, endorsed January 26, 2001) is LIFTED and discovery may proceed on the schedule set forth in Section V of the Memorandum above.

(4) The next Case Management Conference is set for 2:00 p.m., May 23, 2002.